MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
JOSE VALENCIA GALINDO, *individually*
*and on behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
|  | **29 U.S.C. § 216(b)** |
| SOMICH DELI INC.  (D/B/A PJ | **ECF Case** |
| BERNSTEIN DELI), RESTAURANT |  |

SOMICH DELI INC.  (D/B/A PJ
BERNSTEIN DELI), RESTAURANT
SERVICES NYC LLC.  (D/B/A PJ
BERNSTEIN DELI), PJS DELIKATESAN
LLC (D/B/A PJ BERNSTEIN DELI), PJ
BERNSTEIN DELI CORP (D/B/A PJ
BERNSTEIN DELI), ALEX SLOBODSKI,
LEONID VAYNBERG, STEVEN
SLOBODSKI, and CLARISA SLOBODSKI,

*Defendants.*
-------------------------------------------------------X

Plaintiff Jose Valencia Galindo ("Plaintiff Valencia" or "Mr. Valencia"), individually and

on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates,

P.C., upon his knowledge and belief, and as against Somich Deli Inc. (d/b/a PJ Bernstein Deli),

Restaurant Services NYC LLC. (d/b/a PJ Bernstein Deli), PJs Delikatesan LLC (d/b/a PJ Bernstein

Deli), PJ Bernstein Deli Corp (d/b/a PJ Bernstein Deli), ("Defendant Corporations"), Alex

Slobodski,  Leonid Vaynberg,  Steven Slobodski,  and  Clarisa Slobodski , ("Individual

Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Valencia is a former employee of Defendants Somich Deli Inc. (d/b/a PJ Bernstein Deli), Restaurant Services NYC LLC. (d/b/a PJ Bernstein Deli), PJs Delikatesan LLC (d/b/a PJ Bernstein Deli), PJ Bernstein Deli corp (d/b/a PJ Bernstein Deli), Alex Slobodski, Leonid Vaynberg, Steven Slobodski, and Clarisa Slobodski .

2.       Defendants own, operate, or control an American deli, located at 1215 3rd Ave, New York, NY 10021 under the name "PJ Bernstein Deli".

3.      Upon information and belief, individual Defendants Alex Slobodski, Leonid Vaynberg, Steven Slobodski, and Clarisa Slobodski , serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the delis as a joint or unified enterprise.

4.      Plaintiff Valencia was employed as a laborer, a stock boy, a dishwasher and a delivery worker at the deli located at 1215 3rd Ave, New York, NY 10021.

5.      Plaintiff Valencia was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to cleaning in the mornings, replenishing stock and inventory and dishwashing (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiff Valencia worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, and failed to pay Plaintiff Valencia appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Valencia the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.      Defendants employed and accounted for Plaintiff Valencia as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

10.     Regardless, at all relevant times, Defendants paid Plaintiff Valencia at a rate that was lower than the required tip-credit rate.

11.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Valencia's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Valencia's actual duties in payroll records by designating him as a delivery worker instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Valencia at the minimum wage rate and enabled them to pay him at the tip-credit rate (which they still failed to do).

13.     Defendants' conduct extended beyond Plaintiff Valencia to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Valencia and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiff Valencia now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards

Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

16.     Plaintiff Valencia seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Valencia's state law claims under 28 U.S.C. § 1367(a).

18.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an American deli located in this district. Further, Plaintiff Valencia was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

19.     Plaintiff Jose Valencia Galindo ("Plaintiff Valencia" or "Mr. Valencia") is an adult individual residing in New York County, New York.

20.     Plaintiff Valencia was employed by Defendants at PJ Bernstein Deli from approximately July 2013 until on or about November 24, 2018.

21.     Plaintiff Valencia consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

22.     At all relevant times, Defendants owned, operated, or controlled an American deli, located at 1215 3rd Ave, New York, NY 10021 under the name "PJ Bernstein Deli".

23.     Upon information and belief, Somich Deli Inc. (d/b/a PJ Bernstein Deli) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1215 3rd Ave, New York, NY 10021.

24.     Upon information and belief, Restaurant Services NYC LLC. (d/b/a PJ Bernstein Deli) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1215 3rd Ave, New York, NY 10021.

25.     Upon information and belief, PJs Delikatesan LLC (d/b/a PJ Bernstein Deli) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1215 3rd Ave, New York, NY 10021.

26.     Upon information and belief, PJ Bernstein Deli Corp (d/b/a PJ Bernstein Deli) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1215 3rd Ave, New York, NY 10021.

27.     Defendant Alex Slobodski is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Alex Slobodski is sued

individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Alex Slobodski possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Valencia, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

28.     Defendant Leonid Vaynberg is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Leonid Vaynberg is sued individually in his capacity as a manager of Defendant Corporations. Defendant Leonid Vaynberg possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Valencia, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

29.     Defendant Steven Slobodski is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Steven Slobodski is sued individually in his capacity as a manager of Defendant Corporations. Defendant Steven Slobodski possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Valencia, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

30.     Defendant Clarisa Slobodski  is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Clarisa Slobodski  is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant

Clarisa Slobodski possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Valencia, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

### FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

31.     Defendants operate an American deli located in the Lenox Hill neighborhood in the Upper East Side in Manhattan.

32.     Individual Defendants, Alex Slobodski, Leonid Vaynberg, Steven Slobodski, and Clarisa Slobodski, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

33.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

34.     Each Defendant possessed substantial control over Plaintiff Valencia's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Valencia, and all similarly situated individuals, referred to herein.

35.     Defendants jointly employed Plaintiff Valencia (and all similarly situated employees) and are Plaintiff Valencia's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

36.     In the alternative, Defendants constitute a single employer of Plaintiff Valencia and/or similarly situated individuals.

37.     Upon information and belief, Individual Defendants Alex Slobodski and Clarisa Slobodski  operate Defendant Corporations as either alter egos of  themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f)  intermingling assets and debts of their own with Defendant Corporations,

g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

38.     At all relevant times, Defendants were Plaintiff Valencia's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Valencia, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Valencia's services.

39.    In each year from 2014 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

40.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the delis on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

41.    Plaintiff Valencia is a former employee of Defendants who was employed as a laborer, a stock boy, a dishwasher and ostensibly as a delivery worker. However, he spent over 20% of each shift performing the non-tipped duties described above.

42.    Plaintiff Valencia seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Jose Valencia Galindo*

43.    Plaintiff Valencia was employed by Defendants from approximately July 2013 until on or about November 24, 2018.

44.    Defendants employed Plaintiff Valencia as a laborer, a stock boy, a dishwasher and ostensibly as a delivery worker.

45.    However, Plaintiff Valencia was also required to spend a significant portion of his work day performing the non-tipped duties described above.

46.    Although Plaintiff Valencia ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

47.    Plaintiff Valencia regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

48.     Plaintiff Valencia's work duties required neither discretion nor independent judgment.

49.     Throughout his employment with Defendants, Plaintiff Valencia regularly worked in excess of 40 hours per week.

50.     From approximately September 2014 until on or about November 24, 2018, Plaintiff Valencia worked from approximately 5:00 a.m. until on or about 7:30 p.m. to 8:00 p.m., Sundays through Fridays (typically 87 to 90 hours per week).

51.     From approximately September 2014 until on or about 2016, Defendants paid Plaintiff Valencia his wages in cash.

52.     From approximately 2017 until on or about 2018, Defendants paid Plaintiff Valencia his wages by personal check.

53.     From approximately September 2014 until on or about December 2015, Defendants paid Plaintiff Valencia a fixed salary of $350 per week.

54.     From approximately January 2016 until on or about December 2016, Defendants paid Plaintiff Valencia a fixed salary of $400 per week.

55.     From approximately January 2017 until on or about December 2017, Defendants paid Plaintiff Valencia $8.00 per hour.

56.     From approximately January 2018 until on or about November 24, 2018, Defendants paid Plaintiff Valencia $9.00 per hour.

57.     Although Defendants granted Plaintiff Valencia a 30-minute break, Defendants interrupted it by requiring him to stop eating and get work done.

58.     Plaintiff Valencia was never notified by Defendants that his tips were being included as an offset for wages.

59.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Valencia's wages.

60.     From approximately September 2014 until on or about December 2016, Plaintiff Valencia was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

61.     Although after December 2016 Plaintiff Valencia was required to keep track of his time, Defendants required him to record fewer hours than he actually worked.

62.     Specifically, Defendants required Plaintiff Valencia to punch out and continue working a few hours after they required him to punch out;  as a result, Plaintiff Valencia was not compensated for all of the hours that he worked.

63.     Defendants required Plaintiff Valencia to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

64.     In addition, in order to get paid, Plaintiff Valencia was required to sign a document in which Defendants misrepresented the hours that he worked per week.

65.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Valencia regarding overtime and wages under the FLSA and NYLL.

66.     Defendants did not provide Plaintiff Valencia an accurate statement of wages, as required by NYLL 195(3).

67.     Defendants did not give any notice to Plaintiff Valencia, in English and in Spanish (Plaintiff Valencia's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

68.     Defendants required Plaintiff Valencia to purchase "tools of the trade" with his own funds—including a bicycle, a camera for the bicycle, a helmet and a bicycle tire.

*Defendants' General Employment Practices*

69.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Valencia (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

70.     Plaintiff Valencia was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

71.     Defendants' pay practices resulted in Plaintiff Valencia not receiving payment for all his hours worked, and resulted in Plaintiff Valencia's effective rate of pay falling below the required minimum wage rate.

72.     Defendants required Plaintiff Valencia and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as  delivery workers.

73.      Plaintiff Valencia and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

74.     Plaintiff Valencia's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general deli work with duties, including the non-tipped duties described above.

75.      Plaintiff Valencia and all other tipped workers were paid at a rate that was lower than the required lower tip-credit rate by Defendants.

76.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and  Plaintiff Valencia's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

77.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

78.     In violation of federal and state law as codified above, Defendants classified  Plaintiff Valencia and other tipped workers as tipped employees, and paid them at a rate that was lower than the required lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

79.     Defendants failed to inform Plaintiff Valencia who received tips that Defendants intended to take a deduction against Plaintiff Valencia's earned wages for tip income, as required by the NYLL before any deduction may be taken.

80.     Defendants failed to inform Plaintiff Valencia who received tips, that his tips were being credited towards the payment of the minimum wage.

81.     Defendants failed to maintain a record of tips earned by Plaintiff Valencia who worked as a  delivery worker for the tips he received.

82.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Valencia worked.

From approximately September 2014 until on or about 2016, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

83.     Defendants required Plaintiff Valencia to sign a document that reflected inaccurate or false hours worked.

84.     Defendants paid Plaintiff Valencia his wages in a combination of check and cash.

85.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

86.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Valencia (and similarly situated individuals) worked, and to avoid paying Plaintiff Valencia properly for his full hours worked.

87.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

88.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Valencia and other similarly situated former workers.

89.     Defendants failed to provide Plaintiff  Valencia and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

90.    Defendants failed to provide Plaintiff Valencia and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

91.     Plaintiff Valencia brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

92.    At all relevant times, Plaintiff Valencia and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

93.     The claims of Plaintiff Valencia stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

94.     Plaintiff Valencia repeats and realleges all paragraphs above as though fully set forth herein.

95.     At all times relevant to this action, Defendants were Plaintiff Valencia's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Valencia (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

96.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

97.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

98.     Defendants failed to pay Plaintiff Valencia (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

99.     Defendants' failure to pay Plaintiff Valencia (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

100.    Plaintiff Valencia (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

101.    Plaintiff Valencia repeats and realleges all paragraphs above as though fully set forth herein.

102.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Valencia (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

103.    Defendants' failure to pay Plaintiff Valencia (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

104.    Plaintiff Valencia (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

105.    Plaintiff Valencia repeats and realleges all paragraphs above as though fully set forth herein.

106.    At all times relevant to this action, Defendants were Plaintiff Valencia's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Valencia, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

107.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Valencia less than the minimum wage.

108.    Defendants' failure to pay Plaintiff Valencia the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

109.     Plaintiff Valencia was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

110.      Plaintiff Valencia repeats and realleges all paragraphs above as though fully set forth herein.

111.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Valencia  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

112.     Defendants' failure to pay Plaintiff Valencia overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

113.     Plaintiff Valencia was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

114.      Plaintiff Valencia repeats and realleges all paragraphs above as though fully set forth herein.

115.     Defendants failed to pay Plaintiff Valencia one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Valencia's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

116.     Defendants' failure to pay Plaintiff Valencia an additional hour's pay for each day Plaintiff Valencia's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

117.     Plaintiff Valencia was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

118.     Plaintiff Valencia repeats and realleges all paragraphs above as though fully set forth herein.

119.     Defendants failed to provide Plaintiff Valencia with a written notice, in English and in Spanish (Plaintiff Valencia's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

120.     Defendants are liable to Plaintiff Valencia in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

121.     Plaintiff Valencia repeats and realleges all paragraphs above as though fully set forth herein.

122.     With each payment of wages, Defendants failed to provide Plaintiff Valencia with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

123.     Defendants are liable to Plaintiff Valencia in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

124.     Plaintiff Valencia repeats and realleges all paragraphs above as though fully set forth herein.

125.     Defendants required Plaintiff Valencia to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

126.     Plaintiff Valencia was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

### OF THE NEW YORK LABOR LAW

127.     Plaintiff Valencia repeats and realleges all paragraphs above as though fully set forth herein.

128.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

129.     New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

130.     Defendants charged patrons a "delivery fee".

131.     Defendants unlawfully retained delivery fees charged to patrons.

132.     Defendants knowingly and intentionally retained a portion of Plaintiffs' tips in violations of the NYLL and supporting Department of Labor Regulations.

133.     Plaintiffs were damaged in an amount to be determined at trial.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Valencia respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Valencia and the FLSA Class members;

(c)      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Valencia and the FLSA Class members;

(d)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Valencia's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Valencia and the FLSA Class members;

(f)      Awarding Plaintiff Valencia and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiff Valencia and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Valencia;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Valencia;

(j)      Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Valencia;

(k)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Valencia's compensation, hours, wages and any deductions or credits taken against wages;

(l)    Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Valencia;

(m)    Awarding Plaintiff Valencia damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)    Awarding Plaintiff Valencia damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)    Awarding Plaintiff Valencia liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)    Awarding Plaintiff Valencia and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)    Awarding Plaintiff Valencia and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)    All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Valencia demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

June 7, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

September 21, 2020

BY ELECTRONIC SIGNATURE

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Jose Valencia Galindo

Legal Representative / Abogado:          Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                           21 de Septiembre de 2020